■ KEVIN J. COLUMBUS, Plaintiff, v GAMUT CONSTRUCTION, INC., Defendant and Third-Party Plaintiff-Respondent, et al., Defendants. LAMPARTER ORGANIZATION, INC., et al., Third-Party Defendants-Respondents; KURTZ STEEL CORP., Third-Party Defendant-Appellant, et al., Third-Party Defendants. [683 NYS2d 864] —Application by the appellant for leave to withdraw an appeal from an order of the Supreme Court, Suffolk County, dated December 9, 1997.

Upon the papers filed in support of the application, and no papers having been filed in opposition or in relation thereto, it is

Ordered that the application is granted and the appeal is deemed withdrawn, without costs or disbursements; and it is further,

Ordered that, upon the Court's own motion, the attorneys for the appellant and the defendant third-party plaintiff-respondent are directed to show cause before this Court on the issue of the imposition of appropriate costs and/or sanctions, if any, pursuant to 22 NYCRR 670.2 (g) upon them for failing to advise this Court that the appellant and defendant third-party plaintiff-respondent had settled the third-party action as against each other, by filing an original and four copies of an affirmation or affidavit on that issue in the Office of the Clerk of this Court and serving one copy of the same on all parties to the action on or before February 19, 1999; and it is further,

Ordered that the Clerk of this Court shall serve the respective counsel by regular mail.

The appeal was submitted for determination to a panel of Justices of this Court on November 30, 1998. By letter dated December 21, 1998, the Court was advised that the third-party action between the appellant and the defendant third-party plaintiff-respondent had been settled by virtue of a release signed by the defendant third-party plaintiff-respondent on October 19, 1998, over a month before the appeal was submitted. Accordingly, the attorneys for the appellant and the defendant third-party plaintiff-respondent are directed to show cause as to why costs and/or sanctions should not be imposed pursuant to 22 NYCRR 670.2 (g). Mangano, P. J., O'Brien, Krausman and Goldstein, JJ., concur.