■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAFAEL MOJICA, Appellant. [696 NYS2d 30] —Judgment, Supreme Court, Bronx County (Frank Torres, J.), rendered October 23, 1996, convicting defendant, after a jury trial, of murder in the second degree and criminal possession of a weapon in the second degree, and sentencing him to concurrent terms of 20 years to life and 5 to 15 years, respectively, unanimously affirmed.

The court's justification charge, when read as a whole, was both legally correct and applicable to the facts, and could not have caused any prejudice to defendant. Defendant, who shot the deceased several times in the head and abdomen, based his justification defense on a claim that he was preventing the deceased from striking defendant's brother with a garbage can. We reject defendant's argument that, by making reference to a duty to "avoid" the use of force, the court gave an inapplicable and incomplete instruction on the duty to retreat (Penal Law § 35.15 [2] [a]). On the contrary, the court was clearly using the term "avoid" in the context of instructing the jury as to the proper standard of reasonableness regarding defendant's behavior, in that, separately from the duty to retreat, Penal Law § 35.15 (1) permits the use of force only to the extent a defendant reasonably believes it to be necessary. This principle of law was clearly applicable to the facts herein, since it was a jury question whether defendant reasonably believed in the necessity of the degree of force he employed as opposed to a lesser degree of force. We also find that the "initial aggressor" portion of the charge (Penal Law § 35.15 [1] [b]) was sufficiently clear. In any event, even if we were to find that any of these portions of the charge were erroneous, we would find the error to be harmless in view of the overwhelming evidence disproving the justification defense (*see, People v Stevens*, 245 AD2d 39, *lv denied* 92 NY2d 906).

We perceive no abuse of sentencing discretion. Concur—Williams, J. P., Tom, Lerner, Rubin and Saxe, JJ.