**Richard DIGUGLIELMO,
Petitioner–Appellant,**

v.

**Joseph T. SMITH, Respondent–
Appellee.**

No. 03–2275.

United States Court of Appeals,
Second Circuit.

Argued: Feb. 17, 2004.

Decided: April 28, 2004.

Andrew H. Schapiro, New York, NY (Mayer, Brown, Rowe & Maw, New York, NY, on the brief), for Petitioner–Appellant.

Robert K. Sauer, Assistant District Attorney, White Plains, NY (Jeanine Pirro, District Attorney of Westchester County, Richard E. Weill, First Deputy District Attorney, White Plains, NY, on the brief), for Respondent–Appellee.

The Legal Aid Society, Federal Defender Division, Appeals Bureau, New York, NY (Darrell B. Fields, Barry D. Leiwant, New York, NY, of counsel), filed a brief for The Legal Aid Society as Amicus Curiae in support of Appellant.

Before: KEARSE, CABRANES, and KATZMANN, Circuit Judges.

PER CURIAM.

This case returns to us following a renewed petition for habeas corpus by petitioner Richard D. DiGuglielmo, a New York State ("State") prisoner, after this Court dismissed his first petition because of his failure to exhaust his state-court remedies. *See DiGuglielmo v. Senkowski,* 42 Fed.Appx. 492, 495–496, 2002 WL 1162791, at **3, 4 (2d Cir. June 3, 2002) ("*DiGuglielmo I*"). DiGuglielmo, convicted in state court of second-degree murder, appeals from a judgment of the United States District Court for the Southern District of New York, Charles L. Brieant, *Judge,* denying his renewed petition alleging that he was denied due process at trial by reason of (a) an erroneous jury instruction as to his defense of justification and (b) a summation argument by the prosecutor which, although consistent with the indictment, was inconsistent with a pretrial bill of particulars served by the State. The district court ruled (a) that the jury charge on justification was erroneous but that the error was harmless, and (b) that the alleged variance between the State's summation and its bill of particulars did not present a federal claim. *See DiGu-*

*glielmo v. Smith,* 02 Civ. 8946, slip op. at 10–15 (S.D.N.Y. Mar. 31, 2003) (*"DiGuglielmo II"*). DiGuglielmo challenges these rulings on appeal. For the reasons that follow, we affirm.

## BACKGROUND

The murder charge against DiGuglielmo was based on his shooting of Charles Campbell following an altercation between Campbell and DiGuglielmo, DiGuglielmo's father ("Senior"), and DiGuglielmo's brother-in-law ("Errico") in front of the father's delicatessen.

> Since it was three against one, Campbell was shortly forced to the ground and beaten repeatedly and severely by the other participants while on the ground. There was evidence that Petitioner hit Campbell twenty times in the face; Senior hit Campbell thirty times, fracturing his right hand in doing so, and according to [one witness], Petitioner clubbed Campbell's head with Campbell's cell phone until the phone, which was an exhibit at trial, became shattered.
>
> Ultimately, Campbell regained his feet and the fighting stopped, although shouting continued among the participants. As Campbell backed away from the fight, Senior grabbed his shirt, pulling him forward until the shirt came off. Campbell retreated to his car, opened the trunk and removed a metal baseball bat, which he placed on his shoulder in a hitting position. Senior and Errico moved towards Campbell, and Campbell, after backing away for eight or ten feet, pursued by Senior, swung the bat striking Senior in the knee.

*DiGuglielmo II,* slip op. at 5. DiGuglielmo, an off-duty police officer, then entered the delicatessen and returned with a gun.

> Meanwhile, Errico and Senior were moving towards Campbell, and Camp-

bell was backing away while holding the baseball bat.

> According to the evidence developed at trial viewed most favorably to the prosecution, suddenly Petitioner came out of the deli and without identifying himself as a police officer, or giving any word of warning, pointed the pistol at Campbell, and fired three shots ....

*Id.* at 5–6. DiGuglielmo's shots hit Campbell in the torso, killing him. *See id.* at 6.

In support of his justification defense, DiGuglielmo "claimed that Campbell was poised to strike his father in the head with the baseball bat and that he had no time to disarm Campbell or choose a different course of action." *DiGuglielmo I,* 42 Fed. Appx. 492, 2002 WL 1162791, at *1. The evidence at DiGuglielmo's trial, however, showed that "[a]t the time of the shooting [DiGuglielmo's father and brother-in-law] were not within striking distance of Campbell's baseball bat." *DiGuglielmo II,* slip op. at 6. Two disinterested witnesses testified that when DiGuglielmo shot Campbell, the distance between Campbell and DiGuglielmo's father was at least 10–14 feet; and according to several such witnesses, Campbell was backing away. (*See People v. DiGuglielmo,* Ind. No. 96–1403 (Westchester County), Trial Transcript at 191, 193–95 (Sept. 19, 1997); *id.* at 639, 666, 765, 686 N.Y.S.2d 443 (Sept. 25, 1997); *id.* at 1071–72, 1074–75, 686 N.Y.S.2d 443 (Oct. 1, 1997).)

On direct appeal from his conviction, DiGuglielmo argued, *inter alia,* that the trial court's instructions to the jury erred in describing the applicability of justification with respect to defense of a third person. The Appellate Division rejected this contention, holding that "the court's justification charge with respect to defense of a third person, when viewed as a whole, adequately conveyed the proper standards to be applied." *People v. DiGuglielmo,*

258 A.D.2d 591, 592, 686 N.Y.S.2d 443, 444 (2d Dep't), *lv. denied*, 93 N.Y.2d 923, 693 N.Y.S.2d 507, 715 N.E.2d 510 (1999). The Appellate Division also concluded that the evidence was "ample" to permit the jury to find beyond a reasonable doubt that when DiGuglielmo shot Campbell, DiGuglielmo did not reasonably believe Campbell was threatening DiGuglielmo's father. *Id.* The New York Court of Appeals denied permission to appeal further. *See People v. DiGuglielmo*, 93 N.Y.2d 923, 693 N.Y.S.2d 507, 715 N.E.2d 510 (1999).

DiGuglielmo's first federal habeas petition pursued, *inter alia,* his present challenges to the trial court's instructions on justification and the prosecutor's summation. The district court denied the petition on its merits. On appeal, this Court ruled that the district court should not have reached the merits because DiGuglielmo had not exhausted his state-court remedies. *See DiGuglielmo I*, 42 Fed.Appx. 492, 494–496, 2002 WL 1162791, at **2–4. We held, relying on *Jordan v. Lefevre*, 206 F.3d 196, 198–99 (2d Cir.2000), and *Grey v. Hoke*, 933 F.2d 117, 119–20 (2d Cir.1991), that there was no exhaustion because DiGuglielmo had failed to present his habeas claims adequately to the New York Court of Appeals:

"[A]ttaching an appellate brief without explicitly alerting the [New York Court of Appeals] to each claim raised does not fairly present such claims for purposes of the exhaustion requirement underlying federal habeas jurisdiction."

*DiGuglielmo I*, 42 Fed.Appx. 492, 494, 495, 2002 WL 1162791, at *3 (quoting *Jordan v. Lefevre*, 206 F.3d at 199).

Thereafter, DiGuglielmo returned to state court and sought indirect review of his present claims by asserting, in a petition for coram nobis, that his attorney's failure to refer to them expressly in the request for permission to appeal to the New York Court of Appeals amounted to constitutionally ineffective assistance of counsel. That petition was denied on the ground that DiGuglielmo "failed to establish that he was denied the effective assistance of appellate counsel." *People v. DiGuglielmo*, 299 A.D.2d 365, 749 N.Y.S.2d 180 (2d Dep't 2002), *lv. denied*, 99 N.Y.2d 627, 760 N.Y.S.2d 109, 790 N.E.2d 283 (2003). DiGuglielmo then returned to the district court, filing the present habeas petition. As indicated above, the district court dismissed the petition on the ground that the alleged error in the justification instruction was harmless and that the challenge to the prosecutor's summation did not assert a federal claim. This appeal followed.

## DISCUSSION

On appeal, DiGuglielmo challenges the district court's rulings. He also contends, *inter alia,* that he should be found to have exhausted his claims prior to *DiGuglielmo I* despite the ruling in that case. Joined by the Legal Aid Society as *amicus curiae*, he urges this Court either (A) to overrule *en banc* its prior decisions in such cases as *Jordan v. Lefevre* and *Grey v. Hoke*, or (B) to certify to the New York Court of Appeals the question of whether that Court considers the attachment of, or a reference to, a brief submitted to a lower court to be sufficient to constitute a request to appeal on the basis of all of the arguments made in that prior brief. DiGuglielmo also argues that he has shown cause and prejudice for his procedural default and has shown actual innocence.

The State, while disagreeing with the district court's view that the trial court's justification instruction was erroneous, otherwise defends the district court's rulings. It also argues that, as held in *DiGuglielmo I*, DiGuglielmo failed to exhaust his state-court remedies; that because he

can no longer present these claims in state court, they are procedurally barred; and that because DiGuglielmo has failed to show cause and prejudice with respect to his procedural default, his claims may not be entertained by the federal courts.

For the reasons that follow, we affirm the denial of DiGuglielmo's habeas petition on the grounds, *inter alia,* that his claims were not properly exhausted and that his procedural default is not excusable because he has not shown adequate cause for the default, or prejudice resulting from it, or actual innocence; that his claims assert errors of state law that are not cognizable in a federal habeas proceeding; and that, even if cognizable, his claims lack merit because any error was harmless.

■ DiGuglielmo's contention that he had exhausted his state-court remedies prior to *DiGuglielmo I* is barred by the law-of-the-case doctrine. *See, e.g., Arizona v. California,* 460 U.S. 605, 618, 103 S.Ct. 1382, 75 L.Ed.2d 318 (1983); *Doe v. New York City Department of Social Services,* 709 F.2d 782, 789 (2d Cir.), *cert. denied,* 464 U.S. 864, 104 S.Ct. 195, 78 L.Ed.2d 171 (1983). Although we may reconsider such a prior ruling if "there has been an intervening change of controlling law, new evidence has become available, or there is a need to correct a clear error or prevent manifest injustice," *United States v. Minicone,* 26 F.3d 297, 300 (2d Cir.) (internal quotation marks omitted), *cert. denied,* 513 U.S. 940, 115 S.Ct. 344, 130 L.Ed.2d 300 (1994), we see no such circumstances here. We decline to revisit our ruling in *DiGuglielmo I* that DiGuglielmo's claims were not exhausted because they were not properly presented to New York's highest court.

■ Because DiGuglielmo can no longer obtain state-court review of his present claims on account of his procedural default, those claims are now to be deemed exhausted. *See, e.g., Harris v. Reed,* 489 U.S. 255, 263 n. 9, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989); *Grey v. Hoke,* 933 F.2d at 120. However, because of the procedural default, DiGuglielmo is not entitled to have the claims entertained in a federal habeas proceeding unless he can show "cause" for the default and actual "prejudice" resulting therefrom, *Murray v. Carrier,* 477 U.S. 478, 485, 106 S.Ct. 2639 (1986), or show that he is "actually innocent," *id.* at 496, 106 S.Ct. 2639; *Smith v. Murray,* 477 U.S. 527, 537, 106 S.Ct. 2661, 91 L.Ed.2d 434 (1986) (internal quotation marks omitted).

■ DiGuglielmo argues that the failure of his attorney to raise the present claims with specificity in the request for leave to appeal to the New York Court of Appeals constitutes cause. We reject this contention as a matter of law. In order to establish attorney dereliction as cause, a petitioner must meet the standards for showing constitutionally ineffective assistance of counsel. *See, e.g., Edwards v. Carpenter,* 529 U.S. 446, 451, 120 S.Ct. 1587, 146 L.Ed.2d 518 (2000); *Murray v. Carrier,* 477 U.S. at 488–89, 106 S.Ct. 2639. A defendant in a criminal case has no constitutional right to counsel on a discretionary state appeal. *See, e.g., Wainwright v. Torna,* 455 U.S. 586, 587–88, 102 S.Ct. 1300, 71 L.Ed.2d 475 (1982) (per curiam); *Ross v. Moffitt,* 417 U.S. 600, 610–11, 94 S.Ct. 2437, 41 L.Ed.2d 341 (1974). Because DiGuglielmo had no right of appeal to the New York Court of Appeals, *see* N.Y.Crim. Proc. L. §§ 460.10(5) & 460.20 (McKinney 1994), his attorney's failure to assert his present claims to that Court was not a failure of constitutional dimension and hence cannot constitute cause. *See, e.g., Chalk v. Kuhlmann,* 311 F.3d 525, 528 (2d Cir.2002).

■ Further, DiGuglielmo has not satisfied his burden of showing "prejudice," *i.e.,* a "reasonable probability" that, but for counsel's failure, "the result of the proceeding would have been different." *Strickland v. Washington,* 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). We cannot conclude that there was any reasonable probability that the outcome of DiGuglielmo's criminal proceeding would have been different had the issues been properly presented in DiGuglielmo's request for review by the New York Court of Appeals. The Appellate Division had ruled that the trial court's instruction on justification was, in light of the charge as a whole, a substantially correct statement of New York law, *see People v. DiGuglielmo,* 258 A.D.2d at 592, 686 N.Y.S.2d at 444, and DiGuglielmo has not cited to us any appellate case indicating that such an instruction was erroneous. Moreover, even if the instruction on justification may have been erroneous, such an error would be subject to harmless-error analysis. *See, e.g., Neder v. United States,* 527 U.S. 1, 8–10, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999) (where the defendant has been represented by counsel and tried by an unbiased jury, there is a "strong presumption" that constitutional errors—including jury instructions that omit an essential element of the offense—are subject to harmless-error analysis (internal quotation marks omitted)); *People v. Grega,* 72 N.Y.2d 489, 497, 534 N.Y.S.2d 647, 651, 531 N.E.2d 279 (1988) (applying harmless-error analysis to error in instructions). Given the evidence at DiGuglielmo's trial, including that discussed above, we regard the alleged error in the justification instructions as harmless and we think it probable that the New York Court of Appeals would have reached the same conclusion. Accordingly, we cannot conclude that there was a reasonable likelihood that the outcome of DiGuglielmo's case would have been different had

the challenge to the justification instruction been properly presented to that Court.

■ DiGuglielmo also contends that, even if he has not met the cause-and-prejudice test, his procedural default should be excused because he meets the alternative test of "actual[ ] innocen[ce]," *Murray v. Carrier,* 477 U.S. at 496, 106 S.Ct. 2639; *Smith v. Murray,* 477 U.S. at 537, 106 S.Ct. 2661. Again, we disagree. In order to meet that test, a "petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup v. Delo,* 513 U.S. 298, 327, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995). Given, *inter alia,* the evidence discussed above, DiGuglielmo fails to meet that standard.

■ In addition, we note that even if DiGuglielmo's procedural default had not occurred or were excusable, we would affirm the district court's denial of his habeas petition on the ground that the petition does not present issues of federal law. We agree with the district court that DiGuglielmo's contention that the State's summation, while consistent with the indictment, deviated from its bill of particulars, does not present a federal claim. Likewise, justification is a state-law defense. *See* N.Y. Penal L. § 35.15 (McKinney 1975 & Supp.1987); *Johnson v. Rosemeyer,* 117 F.3d 104, 111 (3d Cir.1997). A state prisoner "cannot point to a federal requirement that jury instructions on ... justification ... must include particular provisions." *Id.; see also id.* at 110 (alleged "errors of state law cannot be repackaged as federal errors simply by citing the Due Process Clause"). State courts are "the ultimate expositors of state law," *Mullaney v. Wilbur,* 421 U.S. 684, 691, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975);

*see also Ring v. Arizona,* 536 U.S. 584, 603, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002); "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions," *Estelle v. McGuire,* 502 U.S. 62, 67–68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991) ("*McGuire*"). Even where there has been no pertinent decision by the state's highest court, and "we are left only with the state intermediate court's interpretation of the terms in the state statute[,] ... we are bound by that interpretation." *Ponnapula v. Spitzer,* 297 F.3d 172, 183 (2d Cir.2002); *see, e.g., McGuire,* 502 U.S. at 66, 67–68, 112 S.Ct. 475 (rejecting federal court's holding that a state-intermediate-court error with respect to state law constituted a basis for federal habeas relief). Simply put, "federal habeas corpus relief does not lie for errors of state law." *Id.* at 67, 112 S.Ct. 475 (internal quotation marks omitted).

DiGuglielmo seeks to distinguish *McGuire* on the ground that it dealt with an alleged error of state law in the admission of evidence, and he argues that this Court's decision in *Davis v. Strack,* 270 F.3d 111 (2d Cir.2001) ("*Davis*"), creates a contrary rule for jury instructions. We reject this contention. In *Davis,* which like this case involved the New York defense of justification, we held that "a finding that the petitioner was erroneously deprived of a jury instruction to which he was entitled under state law" could give rise to a conclusion that he had been deprived of due process. *Id.* at 123–24. But we distinguished that scenario, in which the trial court refused to give such an instruction at all, from cases in which an instruction was given and the dispute concerns only what state law required as to its contents. *See id.* at 123 n. 4. *Accord Clemmons v. Delo,* 177 F.3d 680, 685 (8th Cir. 1999). As to the contents of a justification instruction, we stated in *Davis* that

federal courts must of course defer to state-court interpretations of the state's laws, so long as those interpretations are themselves constitutional .... In other words, our role ... is not to interpret New York's law of justification, but to determine whether the evidence was sufficient to warrant a justification charge under that law.

270 F.3d at 123 n. 4. *Accord Johnson v. Rosemeyer,* 117 F.3d at 110 (an independent basis in federal law is an irreducible prerequisite to obtaining habeas relief, otherwise "district courts in habeas corpus cases would sit as super state supreme courts for the purpose of determining whether jury instructions were correct under[ ]state law with respect to the elements of an offense and defenses to it").

In this case, the Appellate Division ruled that, as a whole, the instructions at DiGuglielmo's trial properly set forth the law of New York. We are not empowered to second-guess that ruling, and DiGuglielmo has not demonstrated that the instructions deprived him of any defense to which he was entitled under federal law. He has shown no proper basis for federal habeas relief.

Finally, we decline the invitation by DiGuglielmo and *amicus curiae* to certify to the New York Court of Appeals the exhaustion-related question of whether that Court considers that attaching a lower-court brief to a request for leave to appeal, without explicitly alerting the New York Court of Appeals to each claim of which review is sought, is sufficient to constitute a request for review of all of the arguments made in the lower-court brief. The certification process is designed to seek rulings from the New York Court of Appeals only on questions of law that are "dispositive." New York Rules of Court § 500.17(a). Given our views discussed

above that DiGuglielmo's habeas claims would fail for lack of merit or for lack of a cognizable federal claim even if they had been exhausted, certification would be inappropriate.

We have considered the contentions of DiGuglielmo and of *amicus curiae* and have found in them no basis for reversal or other relief. The judgment denying the petition is affirmed.