■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EUSEBIO SAUZA GONZALEZ, Appellant. [834 NYS2d 20]—

Judgment, Supreme Court, New York County (Jeffrey M. Atlas, J.), rendered July 8, 2004, convicting defendant, after a jury trial, of manslaughter in the first degree, and sentencing him to a term of 12½ years, unanimously affirmed.

Defendant's claim that the evidence was legally insufficient to disprove his justification defense is unpreserved, and we decline to review it in the interest of justice. Were we to review this claim, we would find that the verdict was supported by legally sufficient evidence. We further find that the verdict was not against the weight of the evidence. There is no basis for disturbing the jury's determinations concerning credibility (*see People v Bleakley*, 69 NY2d 490, 495 [1987]). Moreover, the prosecution witnesses' testimony was substantially similar to defendant's own and that of his witness. Regardless of the chain of events leading to the homicide, and regardless of who initiated the confrontation between defendant and the decedent, the evidence establishes that at the time of the homicide defendant used a knife against a man who was unarmed, who used only his fists, and who was unassisted by anyone else. Furthermore, defendant's explanation of how the decedent came to be stabbed was refuted by medical testimony.

Defendant's various challenges to the court's charge on justification are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would find that the justification charge, taken as a whole, properly apprised the jury of the rules to be applied (*see People v Ladd*, 89

NY2d 893, 895 [1996]; *see also People v Samuels*, 99 NY2d 20, 25 [2002]). There was no need for the court to instruct the jury on the defense of "others," since there were no other persons present for defendant to protect, and defendant testified that, at the time of the stabbing, he believed that his companion had been killed earlier that night. Similarly, the court was not required to instruct the jury that defendant had a duty to retreat only if he could do so with complete safety to, not only himself, but "others," since again there were no others about whose safety defendant could have been concerned at the time in question. Also, by instructing the jury that defendant's duty to retreat arose only "if he knows that he can, with complete safety to himself, avoid the necessity of using deadly physical force by retreating," the court informed the jury that such duty only arose at the time when the use of deadly physical force was contemplated or threatened, not sometime prior.

Defendant received effective assistance of counsel under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]). Defendant was not prejudiced by the fact that his trial counsel did not make the various challenges to the court's justification charge that defendant makes on appeal.

We perceive no basis for reducing the sentence. Concur—Tom, J.P., Williams, Buckley, Gonzalez and Sweeny, JJ.