**Rafael MOJICA, Petitioner–Appellant,**

v.

**Brian FISCHER, Superintendent, Sing Sing Correctional Facility, and Andrew M. Cuomo,[1] Attorney General of the State of New York, Respondents–Appellees.**

No. 05–5412–pr.

United States Court of Appeals, Second Circuit.

Nov. 14, 2007.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), New York Attorney General Andrew M. Cuomo is automatically substitut-

ed for former New York Attorney General Eliot L. Spitzer as a respondent in this case.

Ellen Dille (Steven Banks, on the brief), The Legal Aid Society, Criminal Appeals Bureau, New York, NY, for Appellant.

Mary Jo L. Blanchard, Assistant District Attorney (Nancy D. Killian, Jessica Carmela Darpino, Assistant District Attorneys, on the brief), for Robert T. Johnson, District Attorney for Bronx County, Bronx, NY, for Appellees.

PRESENT: Hon. ROGER J. MINER, Hon. REENA RAGGI, Circuit Judges, Hon. JED S. RAKOFF, District Judge.[2]

## SUMMARY ORDER

Rafael Mojica appeals the denial of his petition for a writ of habeas corpus vacating his 1996 New York State conviction for second degree murder on the ground that the trial court's jury instruction violated due process by relieving the prosecution of its burden under New York law to disprove his justification defense and depriving Mojica of an effective summation. We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.

Where, as in this case, a district court denies a writ of habeas corpus on the record developed in the state court, we review its ruling *de novo. See Francolino v. Kuhlman,* 365 F.3d 137, 140 (2d Cir. 2004). Like the district court, however, we accord deference to the state court's assessment of the merits underlying petitioner's claims, granting habeas relief only if the state court adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States[ ] or … that was based on an unreasonable

---

**2.** The Honorable Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

determination of the facts in light of the evidence presented in the State court proceeding." *See* 28 U.S.C. § 2254(d)(1) & (2).

Mojica's claim for habeas relief fails because it does not present an issue of federal law. While we have held that "a finding that the petitioner was erroneously deprived of a jury instruction to which he was entitled under state law is the first step in the determination whether that error violated the petitioner's federal due process rights," *Davis v. Strack*, 270 F.3d 111, 123 (2d Cir.2001), we have been careful to distinguish such deprivations from claims that "the contours of the defense, under [state] law, were not properly explained," *id.* at 123 n. 4 (internal quotation marks omitted) (alteration in original). State courts are the "ultimate expositors of state law," *Mullaney v. Wilbur*, 421 U.S. 684, 691, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975), and it has never been "the province of a federal habeas court to reexamine state-court determinations on state-law questions," *Estelle v. McGuire*, 502 U.S. 62, 67–68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991).

In this case, the New York Appellate Division ruled that the trial court's "justification charge, when read as a whole, was both legally correct and applicable to the facts, and could not have caused any prejudice to defendant." *People v. Mojica*, 264 A.D.2d 693, 693, 696 N.Y.S.2d 30, 31 (N.Y.App.Div.1999). The Appellate Division further rejected Mojica's claim that the challenged charge amounted to an instruction on the state law duty to retreat. The New York Court of Appeals declined to review these rulings. *See People v. Mojica*, 94 N.Y.2d 905, 707 N.Y.S.2d 389,

728 N.E.2d 988 (N.Y.2000). When a state court holds that a jury charge comports with the law of that state, "[w]e are not empowered to second-guess that ruling." *DiGuglielmo v. Smith*, 366 F.3d 130, 137 (2d Cir.2004).

Even if we were to hold that the Appellate Division was incorrect in finding that the challenged charge was part of the trial court's instruction on reasonableness, such a determination would not change the result here. A jury instruction that is erroneous under state law rises to the level of constitutional error only if, "viewed in the context of the overall charge," the erroneous instruction "so infected the entire trial that the resulting conviction violates due process." *Cupp v. Naughten*, 414 U.S. 141, 147, 94 S.Ct. 396, 38 L.Ed.2d 368 (1973). We find no such infection here. The trial court's instructions on the justification defense span some twenty pages in the transcript, and the instruction the petitioner principally complains of consists of only one sentence. That, in context, cannot have had an impact on the jury's decision, especially in light of the strong overall evidence negating any claim of justification.

Accordingly, the denial of the petition for habeas corpus is AFFIRMED.