People v Cotto (2019 NY Slip Op 04084)





People v Cotto


2019 NY Slip Op 04084


Decided on May 28, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 28, 2019

Friedman, J.P., Gische, Tom, Webber, Gesmer, JJ.


1501/14 9413 3252/14 9412

[*1]The People of the State of New York, Respondent,
v
Jonathan Cotto, Defendant-Appellant.


Christina Swarns, Office of The Appellate Defender, New York (Stephen R. Strother of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Beth Kublin of counsel), for respondent.



Judgment, Supreme Court, Bronx County (Michael A. Gross, J.), rendered April 14, 2015, convicting defendant, after a jury trial, of attempted murder in the second degree, and sentencing him, as a second violent felony offender, to a term of 16 years, and judgment (same court and Justice), rendered May 7, 2015, as amended May 20, 2015, convicting defendant, upon his plea of guilty, of criminal contempt in the first degree, and sentencing him, as a second felony offender, to a concurrent term of two to four years, unanimously affirmed.
The court providently exercised its discretion when it included the concept of the duty to retreat in its justification charge. The evidence introduced by both sides, viewed as a whole, presented a jury issue as to whether defendant had a duty to retreat. The standard charge sufficiently conveyed the principle that defendant's duty to retreat arose at the time deadly physical force was contemplated or threatened (see People v Gonzalez, 38 AD3d 439, 440 [1st Dept 2007], lv denied 9 NY3d 865 [2007]). The language proposed by defendant was unnecessary and potentially misleading. In any event, any error in the court's instructions was harmless (see People v Crimmins, 36 NY2d 230 [1975]).
The court properly permitted police officers to testify about the conversation they heard shortly after the incident when defendant's girlfriend put her phone on speaker so the officers could hear it. Although the girlfriend did not testify, there was sufficient circumstantial evidence to establish that defendant was the caller (see People v Lynes, 49 NY2d 286, 291-293 [1980]). This included the girlfriend addressing the caller by defendant's first name, and the fact that the content of the call was obviously about the incident that had just occurred, about which the caller was making potentially incriminating statements. Contrary to defendant's argument, there is no reason to believe that an impostor was maliciously generating false evidence against defendant, and was able to deceive defendant's girlfriend as to his identity. In any event,
defendant's challenges to this evidence go to weight rather than admissibility.
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 28, 2019
CLERK