People v Layne (2019 NY Slip Op 08274)





People v Layne


2019 NY Slip Op 08274


Decided on November 14, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 14, 2019

Gische, J.P., Webber, Kern, Moulton, JJ.


2884/13 10342A 10342

[*1] The People of the State of New York, Respondent,
v
Malik Layne, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Taylor L. Napolitano of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (John T. Hughes of counsel), for respondent.



Judgment, Supreme Court, New York County (Edward J. McLaughlin, J.), rendered March 31, 2015, convicting defendant, after a jury trial, of manslaughter in the first degree and two counts of criminal possession of a weapon in the second degree, and sentencing him to an aggregate term of 35 years, and judgment of resentence (A. Kirke Bartley, Jr., J.), rendered October 3, 2018, resentencing defendant to a term of 10 years on the second count of second-degree weapon possession, concurrent with the other sentences, unanimously affirmed.
The court providently exercised its discretion when, in response to the People's exception to the court's original justification charge, it added the principle of duty to retreat. The evidence presented a jury question regarding defendant's ability to retreat safely, and the language employed by the court sufficiently conveyed the principle that the duty to retreat arose at the time defendant used deadly physical force (see People v Gonzalez, 38 AD3d 439, 440 [1st Dept 2007], lv denied 9 NY3d 865 [2007]). Defendant was not prejudiced by the timing of this instruction, particularly because defense counsel had already made summation arguments on the issue of duty to retreat.
Defendant did not preserve his remaining challenges to the court's instructions regarding justification, and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal. There was no reasonable view of the evidence to support an instruction on the justifiable use of nondeadly physical force (see People v Marishaw, 174 AD3d 401 [1st Dept 2019]). The charge, viewed as a whole, sufficiently instructed the jury that if it found that the justification defense had not been disproven, it was required to stop deliberations on all degrees of homicide (see People v Velez, 131 AD3d 129 [1st Dept 2015]).
We reject defendant's arguments regarding the sufficiency and weight of the evidence supporting his manslaughter conviction (see People v Danielson, 9 NY3d 342, 348-349 [2007]). The evidence supports the conclusions that defendant was not justified when he shot the unarmed victim, who had only tried to punch defendant, and that defendant fired his pistol intentionally, with the intent to at least cause serious physical injury.
Upon granting defendant's CPL 440.20 motion, based on the original sentencing court's failure to pronounce the length of the concurrent sentence it was imposing on one of the weapon possession convictions, the resentencing court properly imposed sentence only on that conviction. Defendant was not entitled to a plenary resentencing (see People v Lingle, 16 NY3d 621, 634-35 [2011]), and the resentencing court properly imposed the 10-year term that the original sentencing court plainly intended to impose, as evinced by the commitment sheet, but [*2]neglected to pronounce orally. Furthermore, the resentencing court imposed a sentence on the count at issue that had no effect on the existing aggregate term.
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 14, 2019
CLERK