COBB, Judge.
Randall L. Dykes appeals from the cir- ' cuit court’s summary dismissal of his petition for a writ of habeas corpus. The petition alleged that Dykes was being illegally held by the Department of Corrections on his five-year sentence for burglary in the third degree. From what we can discern from the pleadings contained in *920 the record, Dykes was sentenced to five years in prison after he was convicted for burglary in the third degree. This sentence was split, and he was ordered to serve 90 days in prison and the remainder of the sentence on probation. According to Dykes, a form generated by the Department of Corrections reflects that he was released from prison on July 2, 1996, because he had completed his “short sentence,” i.e., 90 days, and had reached his “EOS,” i.e., “end of sentence.” On August 12, 1997, he was incarcerated and again ordered to serve the remainder of his sentence for failing to comply with the terms of his probation after his July 2, 1996, release from prison. Dykes filed this petition for a writ of habeas corpus alleging he had completed his sentence, as indicated by the form he received upon his July 2, 1996, release, and that therefore that he was being illegally held by the Department of Corrections.
The State filed a motion to dismiss the petition on the grounds that Dykes’s “C-80 Release Form incorrectly noted that Petitioner’s release was for ‘end of sentence on short time.’... [T]he petitioner was serving a split sentence and was released on probation pursuant to this sentence on July 2, 1996.... [The State] submits that the original split sentence ordered by the trial court (and not the computer error on Petitioner’s C-80 Release Form) is controlling in this case.” C.R. 15.
Among the exhibits attached to the State’s motion to dismiss was the affidavit of Betty Teague, correctional records director for the Department of Corrections, which stated the following:
“This is to certify that Randall Dykes was serving a 2-month split sentence. He was released on probation 7-2-96. The C-80 (release form) indicated end-of-sentence, as the type of release; however, this was a computer error. Please review attached notice to the Talladega Probation Office dated 6-11-96 indicating Mr. Dykes would be released on probation.
“Mr. Dykes’s probation was subsequently revoked on 8-16-96 . and [he was] ordered to serve the original 5-year case. His current release date of 3-23-99 is correct. His release date was extended due to his escape on 12-12-97. He lost 2 years, 11 months, and 27 days of good time. I notified Mr. Dykes on 2-13-98 his C-80 release type was in error. Obviously, a 5-year case would not ‘EOS’ after served 2 months custody.”
C.R. 17. (Emphasis in original.)
Although there are no Alabama cases directly on point, we are persuaded by the rationale of courts from other jurisdictions that the trial court’s disposition of this case was proper. “A clerical error in the commitment or penitentiary records does not invalidate his sentence or entitle [a inmate] to a release.” Commonwealth ex rel. Tobin v. Cavell, 183 Pa.Super. 365, 366, 132 A.2d 362, 363 (1957); See also, White v. Pearlman, 42 F.2d 788, 789 (10th Cir.1930) (“There is no doubt of the power of the government to recommit a prisoner who is released or discharged by mistake, where his sentence would not have expired if he had remained in confinement.”); State v. Bandics, 107 Nev. 48, 805 P.2d 66 (1991) (mistaken release of detainer on federal prisoner due to ministerial error did not prevent State from rearresting prisoner); McKellar v. Arizona State Dep’t of Corrections, 115 Ariz. 591, 566 P.2d 1337, 1339 (1977) (prisoner who was mistakenly released on parole before mandatory minimum release date was properly taken into custody when mistake was realized and prisoner’s sentence was credited with time he spent illegally on parole; in some cases where “outrageous neglect” of the government exists, “credit,” “waiver,” and “estoppel” theories might prohibit reasserting jurisdiction over prisoner completely but wrongfully released.); cf. Drumwright v. State, 572 So.2d 1029, 1031 (Fla.Dist.Ct.App. 5 1991,) (“It is axiomatic that oral pronouncements control over clerical errors.”); Ex parte Morris, 626 *921 S.W.2d 754 (Tex.Crim.App.1982) (inmate should be given credit for period he was at liberty because he was released through no fault of his own).
In the present ease the sentence imposed by the circuit court is controlling— not the clerical error made by the Department of Corrections. The circuit court’s denial of Dykes habeas corpus petition is affirmed.
AFFIRMED.
LONG, P.J., and McMILLAN, BROWN, and BASCHAB, JJ., concur.