■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARCUS JOHNSON, Appellant. [888 NYS2d 407]—

Judgment of resentence, Supreme Court, New York County (Marcy L. Kahn, J.), rendered on or about December 12, 2008, resentencing defendant, as a second felony offender, to a term of 5½ to 11 years, and specifying that the sentence be served consecutively to an undischarged sentence for a previous conviction, unanimously affirmed.

Defendant was sentenced in 1999 as a second felony offender, and was therefore subject to the consecutive sentencing provisions of Penal Law § 70.25 (2-a). Where a sentencing court is required by statute to impose a consecutive sentence, it is deemed to have imposed the consecutive sentence the law requires, even in the absence of an express judicial directive to that effect (*People ex rel. Gill v Greene*, 12 NY3d 1 [2009], *cert denied* 558 US —, 130 S Ct 86 [2009]). Accordingly, defendant's 1999 sentence had always been consecutive to his undischarged prior sentence, upon which he had been paroled, and the Department of Correctional Services correctly calculated defendant's conditional release date to reflect the consecutive sentence. At the 1999 sentencing, the court said nothing that could lead defendant to believe he had received concurrent sentences, and we reject his arguments in this regard. Since the sentences were already consecutive, the 2008 resentencing that is the subject of this appeal was unnecessary, but not improper. Defendant's due process and double jeopardy claims are without merit.

Motion seeking leave to file pro se supplemental brief denied.

Concur—Friedman, J.P., McGuire, Renwick, Richter and Manzanet-Daniels, JJ.