**Marcus JOHNSON, Petitioner,**

v.

**The People of the State of NEW YORK and Criminal Court System of New York, Respondent.**

**No. 10 Civ. 8305 (VM).**

United States District Court, S.D. New York.

March 23, 2012.

716

Marcus Johnson, New York, NY, pro se.

Paul M. Tarr, Office of The Attorney General, New York, NY, for Respondent.

### *DECISION AND ORDER*

VICTOR MARRERO, District Judge.

Petitioner Marcus Johnson ("Johnson") brings this pro se petition (the "Petition") for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("§ 2254") against the State of New York and Criminal Court System of New York ("Respondent"). Johnson claims that during the imposition and execution of his sentence, the sentencing court and New York State Department of Correctional Services ("DOCS") violated his constitutional due process and double jeopardy rights. Respondent argues that Johnson's claims are unexhausted and without merit. For the reasons discussed below, the Court DENIES Johnson's Petition.

## I. BACKGROUND [1]

### A. *JOHNSON'S INITIAL SENTENCING*

This Petition arises from a judgment of conviction, entered on October 28, 1999, following a bench trial before the Honorable Marcy Kahn in New York State Supreme Court, New York County (the "Trial Court"). On December 17, 1999, the Trial Court sentenced Johnson, as a second felony offender under New York Penal Law § 70.06 (McKinney 2011) ("§ 70.06"), to an indeterminate prison term of five-and one-half to eleven years for Criminal Possession of a Controlled Substance in the Fourth Degree (N.Y. Penal Law § 220.09(1)); and a one-year terra for Resisting Arrest (N.Y. Penal Law § 205.30) (the "1999 Sentence").[2] Johnson also had a prior, undischarged twenty-four month sentence for a parole violation (the "Undischarged Sentence"). The Trial Court stated that the two terms of the 1999 Sentence would run concurrently, but did not specify whether Johnson was to serve them concurrently or consecutively with the Undischarged Sentence.

In administering his sentence, DOCS initially calculated Johnson's conditional release date with the 1999 Sentence running *concurrently* with his Undischarged Sentence. On this basis, DOCS informed Johnson upon his arrival at Downstate Correctional Facility on January 11, 2000, that he would be eligible for conditional release on June 13, 2006. Subsequently, on June 13, 2001, DOCS informed Johnson that its initial calculation was erroneous because, under New York Penal Law § 70.25(2–a) ("§ 70.25(2–a)"),[3] Johnson's 1999 Sentence was required to run *consecutively* to his Undischarged Sentence. Section 70.25(2–a) provides:

> When [a] sentence of imprisonment is imposed pursuant to [§ 70.06], and [the person sentenced] is subject to an undischarged ... sentence of imprisonment imposed prior to the date on which the present crime was committed, the court must impose a sentence to run consecutively with respect to such undischarged sentence.

N.Y. Penal Law § 70.25(2–a). DOCS informed Johnson that his new conditional release date was September 6, 2009.

On June 16, 2008, Johnson wrote to the DOCS Inmate Records Coordinator and argued that, under *People ex rel. Gill v. Greene*, 48 A.D.3d 1003, 852 N.Y.S.2d 457 (3rd Dep't.2008), DOCS did not have the authority to convert his concurrent sentence into a consecutive sentence when the Trial Court had not specified that his sentences were to run consecutively.

In *Gill*, a state inmate challenged his sentence on due process grounds. At the time of his sentencing, two previous sentences had not been completed, as "he had been paroled on the first, and had absconded from a temporary release pro-

---

1. The factual and procedural summary below is derived from the following documents and any exhibits attached thereto: Petition, dated October 12, 2010 ("Petition"); Respondent's Memorandum of Law in Opposition to the Petition for a Writ of Habeas Corpus, dated August 24, 2011 ("Resp. Mem."); *People v. Johnson*, 67 A.D.3d 597, 888 N.Y.S.2d 407 (1st Dep't 2009); and *People v. Johnson*, 14 N.Y.3d 841, 901 N.Y.S.2d 148, 927 N.E.2d 569 (2010). Except where specifically referenced, no further citation to these sources will be made.

2. Johnson's conviction for resisting arrest was vacated by the Trial Court on April 11, 2000.

3. Although Johnson asserts in his Petition that he was sentenced pursuant to N.Y. Penal Law § 70.25(1–a), it is clear from the record that Johnson was convicted as a second felony offender under § 70.06 and that he was therefore subject to the sentencing provisions of § 70.25(2–a).

gram while serving the second." *Id.* at 826, 903 N.E.2d 1146. Although the sentencing court, under the terms of § 70.25(2–a), was required to impose a sentence consecutive to the undischarged portions of the first two sentences, the court "did not say, orally or in any document," whether the sentence imposed was to run concurrently or consecutively. *Id.* Gill claimed that since the court had remained silent on the issue, the sentences must run concurrently, and DOCS had no authority to impose a corrected sentence. The Third Department ruled in Gill's favor, holding that that the only cognizable sentence is the one imposed by the sentencing court, and DOCS had "no authority to calculate [the defendant's] sentences consecutively where the [sentencing] court did not do so." *Id.* at 458.

DOCS responded to Johnson in writing, citing § 70.25(2–a) as the reason why Johnson's sentences were consecutive. Johnson then appealed to the Office of Sentence Review, but his appeal was denied.

## B. *JOHNSON'S SECOND SENTENCING*

On July 15, 2008, Johns on filed a pro se motion under CPL § 440.20, challenging DOCS' authority to administer his sentences consecutively. On November 14, 2008, the Trial Court denied Johnson's motion but vacated his sentence and ordered a new sentencing hearing to specify whether Johnson's sentences were to run consecutively or concurrently.

On December 12, 2008, Johnson appeared with counsel at a resentencing hearing before Judge Kahn. On the basis of § 70.25(2–a), the Trial Court denied Johnson's request that the court order the sentences to run concurrently, and resentenced Johnson to the same prison term, this time specifying that his 1999 Sentence and Undischarged Sentence were to run consecutively.

## C. *JOHNSON'S APPEAL*

On February 12, 2009, the New York Court of Appeals reversed the Third Department's decision in *Gill*, holding that when a statute requires a court to impose a consecutive sentence, and the court is silent regarding whether a sentence is consecutive or concurrent, the court is deemed to have imposed the consecutive sentence required by law, giving DOCS the authority to administer the sentences consecutively. *People ex rel. Gill v. Greene*, 12 N.Y.3d 1, 875 N.Y.S.2d 826, 903 N.E.2d 1146 (2009), *cert. denied sub. nom. Gill v. Rock,* —— U.S. ——, 130 S.Ct. 86, 175 L.Ed.2d 59 (2009).

On appeal to the New York Appellate Division, First Department ("First Department"), Johnson argued that: (1) because his case is distinguishable from *Gill* and because *Gill* was wrongly decided as a matter of federal constitutional law, the Trial Court's silence on the issue meant that Johnson's 1999 Sentence should have run concurrently to his Undischarged Sentence; and (2) the Trial Court exceeded its inherent authority and violated Johnson's due process and double jeopardy rights when it resentenced Johnson to consecutive terms nearly nine years after the imposition of his original sentence.

On November 24, 2009 the First Department unanimously affirmed Johnson's resentencing, finding that: (1) by operation of New York state law, Johnson's 1999 sentence had always been consecutive to his Undischarged Sentence, and the Trial Court said nothing at the 1999 sen-

tencing that could lead Johnson to believe he had received concurrent sentences; (2) the Trial Court had inherent authority to resentence Johnson in 2008 although the resentencing was unnecessary since the sentences were already consecutive; and (3) DOCS correctly calculated Johnson's conditional release date to reflect the consecutive nature of his sentences. Thus, the First Department concluded that Johnson's due process and double jeopardy claims were without merit. *Johnson*, 888 N.Y.S.2d at 407.

Johnson sought leave to appeal the First Department's ruling to the New York Court of Appeals. His request was denied by the Court of Appeals on April 5, 2010. *Johnson*, 901 N.Y.S.2d 148, 927 N.E.2d at 569.

Currently, Johnson is under parole supervision and resides in Manhattan.[4] He was released from the Wyoming Correctional Facility in Attica, New York on September 21, 2009. Johnson timely filed this

petition for a writ of habeas corpus[5] on October 12, 2010.[6]

## II. *DISCUSSION*

### A. *LEGAL STANDARD FOR HABEAS RELIEF*

■ As a starting point, the Court notes that Johnson is a pro se litigant. Accordingly, his submission must be held "to less stringent standards than formal pleadings drafted by lawyers." *Ferran v. Town of Nassau*, 11 F.3d 21, 22 (2d Cir.1993) (*quoting Hughes v. Rowe*, 449 U.S. 5, 9, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980)). The Court must construe Johnson's submissions "liberally and interpret them to raise the strongest arguments that they suggest." *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir.1999) (citation omitted). A pro se litigant, however, is not exempt "from compliance with relevant rules of procedural and substantive law," *Boddie v. N.Y. State Div. of Parole*, 285 F.Supp.2d 421, 426 (S.D.N.Y.2003) (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir.1983)).

---

4. Pursuant to § 2254(a), a district court may entertain a prisoner's petition for a writ of habeas corpus "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). However, Courts have construed the term "in custody" liberally to extend beyond physical incarceration; it has been interpreted to include individuals who, at the time of the filing of the petition, were on parole, *see Jones v. Cunningham*, 371 U.S. 236, 243, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963), or supervised release, *see Scanio v. United States*, 37 F.3d 858, 860 (2d Cir.1994).

5. Under 28 U.S.C. § 2244(b)(1), a claim presented in a "second or successive" habeas corpus application "that was presented in a prior application shall be dismissed." On June 30, 2005, Johnson filed a petition for a writ of habeas corpus in this Court and subsequently filed an amended petition dated August 23, 2005. On August 2, 2006, this Court denied the habeas petition. *Johnson v. Walsh*, No. 05 Civ. 6127, 2006 WL 2192842

(S.D.N.Y. Aug. 2, 2006), Although Johnson has previously filed a habeas petition with this Court, the current Petition is not "second or successive" because it was filed after his original sentence was vacated and a new sentence was imposed by the Trial Court. *See Magwood v. Patterson*, — U.S. ——, 130 S.Ct. 2788, 2797, 177 L.Ed.2d 592 (2010) (Where the original sentence was vacated and an amended judgment issued, "an application challenging the resulting new judgment is not 'second or successive' at all," even if the claims could have been raised in the first petition.).

6. Under 28 U.S.C. § 2244(d)(1), a one-year limitation period applies for state prisoners seeking federal habeas corpus review. Johnson was denied leave to appeal to the New York Court of Appeals on April 5, 2010 and his habeas petition was filed on October 12, 2010, less than one year later. Respondent does not dispute the timeliness of Johnson's petition.

### 1. Exhaustion

■ A petitioner in custody pursuant to the judgment of a state trial court is entitled to federal habeas relief only if he has exhausted all available state court remedies. *See* 28 U.S.C. § 2254(b)-(c). A claim has been exhausted if it was fairly presented in state courts, thereby giving the state the "opportunity to pass upon and correct" alleged violations of federal rights. *Duncan v. Henry*, 513 U.S. 364, 365, 115 S.Ct. 887, 130 L.Ed.2d 865 (1995) (*quoting Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971)). A petitioner need not have cited "book and verse on the federal constitution" in advancing his claim in state court in order for the claim to have been exhausted. *Picard*, 404 U.S. at 278, 92 S.Ct. 509. Instead, a petitioner may have fairly presented his claim to state courts through

> (a) reliance on pertinent federal cases employing constitutional analysis, (b) reliance on state cases employing constitutional analysis in like fact situations, (c) assertion of the claim in terms so particular as to call to mind a specific right protected by the Constitution, and (d) allegation of a pattern of facts that is well within the mainstream of constitutional litigation.

*Daye v. Att'y Gen., of the State of N.Y.*, 696 F.2d 186, 194 (2d Cir.1982).

### 2. *Independent and Adequate State Grounds*

■ A federal court's authority to review a habeas petition also depends on whether the state court adjudicated the petitioner's claims on the merits or on state procedural grounds. *See Coleman v. Thompson*, 501 U.S. 722, 729–30, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). A claim resolved on independent and adequate state procedural grounds is generally not subject to habeas review. *See id.*

■ A claim resolved in state court on the merits, however, may be subject to habeas review. A state court resolves a claim on the merits when it makes a final judgment with res judicata effect on substantive rather than procedural grounds. *See Sellan v. Kuhlman*, 261 F.3d 303, 311–12 (2d Cir.2001); *see also Castillo v. Walsh*, 443 F.Supp.2d 557, 562 (S.D.N.Y. 2006).

### 3. *Substantive Grounds for Habeas Relief*

■ Federal habeas review of state court decisions is governed by the standard set forth in the Anti–Terrorism and Effective Death Penalty Act of 1996, 28 U.S.C. §§ 2241–55 ("AEDPA"). AEDPA provides that:

> [a] district court shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a). Accordingly, a petitioner must demonstrate that his state court conviction violated federal law. *See DiGuglielmo v. Smith*, 366 F.3d 130, 136–37 (2d Cir.2004) (*citing Estelle v. McGuire*, 502 U.S. 62, 68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991)).

■ Not every alleged violation of federal law, however, will warrant the issuance of a writ of habeas corpus. *See Thurman v. Allard*, No. 01 Civ. 8746, 2004 WL 2101911, at *11 (S.D.N.Y. Sept. 22, 2004). Under 28 U.S.C. § 2254(d), where a state court has decided a petitioner's federal claims on the merits, a court may grant habeas relief only if the state court's decision either:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Feder-

al law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

For the purposes of federal habeas review, "clearly established federal law" refers to the holdings, as opposed to dicta, of Supreme Court decisions in effect at the time of the relevant state court decision. *See Williams v. Taylor*, 529 U.S. 362, 412, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). A state court decision is "contrary to clearly established federal law" within the meaning of § 2254(d) if a state court decision contradicts relevant Supreme Court precedent or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from the Supreme Court." *Id.* at 405–06, 120 S.Ct. 1495. Under this standard, as long as the state court decision applies the correct legal rule to the petitioner's facts, it is not subject to habeas review, even if the federal court would have reached a different conclusion if it were to apply the rule itself. *See id.* at 406, 120 S.Ct. 1495.

A state court decision is based on an "unreasonable application of clearly established federal law" if the court correctly identifies the legal rule set forth in governing Supreme Court decisions, but unreasonably applies the rule to the particular facts of the case. *See id.* at 412–13, 120 S.Ct. 1495. A federal court may grant habeas relief only where the state court decision, as it pertains to any issue of federal law, was objectively unreasonable in light of relevant precedent. *See id.* at 409, 120 S.Ct. 1495. In construing and applying federal law, even erroneous state court decisions, if deemed reasonable, will survive habeas review. *See id.* at 411, 120

S.Ct. 1495. The state court decision need not be "so far off the mark as to suggest judicial incompetence" before habeas relief may be granted. *Francis S. v. Stone*, 221 F.3d 100, 111 (2d Cir.2000) (internal quotation marks omitted). However, a federal court may reverse a state court ruling only where it was "so lacking in justification that there [is no] possibility for fairminded disagreement." *Vega v. Walsh*, 669 F.3d 123 (2d Cir.2012) (*quoting Harrington v. Richter*, —— U.S. ——, 131 S.Ct. 770, 786–87, 178 L.Ed.2d 624 (2011)); *see also Cavazos v. Smith*, —— U.S. ——, 132 S.Ct. 2, 7–8, 181 L.Ed.2d 311 (2011) (per curiam) (citing Supreme Court jurisprudence highlighting the necessity of deference to state courts in § 2254(d) habeas cases).

## B. *APPLICATION*

Read liberally, Johnson's Petition raises three grounds for relief: (1) his sentences should have run concurrently, not consecutively, because the Trial Court was silent on the issue (the "Concurrent Versus Consecutive Sentence Claim"), (2) the Trial Court acted improperly in resentencing him in 2008 (the "Resentencing Claim"), and (3) DOCS acted improperly in recalculating his sentence as consecutive in 2001 (the "DOCS Claim").

### 1. *Exhaustion*

At the outset, the Court notes that the DOCS Claim is unexhausted because Johnson did not raise the issue in his appeal to the Appellate Division. Although he raised the DOCS Claim in his application to the New York Court of Appeals seeking leave to appeal, raising a claim for the first time before the Court of Appeals is insufficient to exhaust the claim if the Court of Appeals does not actually consider it. *St. Helen v. Senkowski*, 374 F.3d 181, 183 (2d Cir.2004) (*quoting Lurie v. Wittner*, 228 F.3d 113, 124 (2d Cir.2000))

("Presenting a claim for the first time to a state court of discretionary review is insufficient to exhaust the claim unless the court considers it."). Since the Court of Appeals denied leave to appeal Johnson's case, and therefore never considered the merits of Johnson's DOCS Claim, the claim is unexhausted for habeas purposes and thus subject to dismissal. *See Moore v. Ercole,* No. 09 Civ. 1003, 2012 WL 407084, at *7 (E.D.N.Y. Feb. 8, 2012); *Williams v. Commissioner NYS DOC,* No. 07 Civ. 5496, 2011 WL 5301766, at *15 (S.D.N.Y. Oct. 31, 2011); *Bell v. Napoli,* No. 08 Civ. 9900, 2010 WL 8039333, at *9 (S.D.N.Y. Aug. 24, 2010).

■ However, in certain circumstances federal courts can reach the merits of a habeas petition despite lack of exhaustion. *See* 28 U.S.C. § 2254(b)(2); *see also Aparicio v. Artuz,* 269 F.3d 78, 91 n. 5 (2d Cir.2001) ("AEDPA permits a habeas court to reject a claim on the merits notwithstanding the fact that it is unexhausted."). In the interest of judicial economy, the Court will exercise its discretion under § 2254 and address the merits of Johnson's unexhausted claim.

The Court finds that Johnson's other claims have been properly exhausted for habeas purposes, as both his "Concurrent Versus Consecutive Sentence Claim" and his "Resentencing Claim" were fairly presented in Johnson's direct appeal to the First Department. *Johnson,* 888 N.Y.S.2d at 407,

### 2. *The Concurrent Versus Consecutive Sentence Claim*

■ Whether a sentence should run concurrently or consecutively is purely an issue of state law and is not cognizable on federal habeas review. *See Reyes v. New York,* No. 08 Civ. 8645, 2009 WL 1066938, at *2 (S.D.N.Y. Apr. 21, 2009) (*citing United States v. McLean,* 287 F.3d 127, 136–37 (2d Cir.2002)) (finding no constitutional

right to concurrent, rather than consecutive, sentences).

■ However, Johnson contends that his claim is not purely a question of state law because constitutional due process rights are at issue. Courts have recognized that where an individual is held in state custody pursuant to a determination by an administrative agency that *substantively* modifies the sentence handed down by a judge, a federal constitutional claim is raised under the Due Process Clause. *See Earley v. Murray,* 451 F.3d 71, 75–77 (2d Cir.2006).

In *Earley,* the Second Circuit found that a prisoner's due process rights were violated where DOCS added a period of post-release supervision ("PRS") onto the period of imprisonment which the sentencing judge had imposed. *Id.* at 74–77; *see also Knowles v. Johnson,* No. 08 Civ. 4741, 2010 WL 1050973, at *2 (S.D.N.Y. Mar. 23, 2010) (noting that *Earley* makes the imposition of extra-judicial PRS unconstitutional). Although the additional period of supervision was required by statute, the United States Court of Appeals for the Second Circuit, relying on *Hill v. United States ex rel. Wampler,* 298 U.S. 460, 56 S.Ct. 760, 80 L.Ed. 1283 (1936), held:

> The only cognizable sentence is the one imposed by the judge ... The sentence imposed by the court on Earley was six years in prison. The judgment authorized the state to incarcerate him for six years and no more. Any addition to that sentence not imposed by the judge was unlawful. Yet Earley was subjected to further custody.

*Id.* at 75.

The holding of *Earley* applies in cases where DOCS has added a period of PRS not explicitly imposed by the sentencing judge. However, *Earley* does not apply in this case because whether a sentence will be served concurrently or consecutive is

not a substantive issue; rather, it is an issue of "characterization." *Gill*, 875 N.Y.S.2d 826, 903 N.E.2d 1146 (distinguishing *Earley* because the sentencing court never imposed PRS, a substantive portion of the defendant's sentence, whereas, in *Gill*, the sentencing court merely failed to *characterize* the sentence as concurrent or consecutive).

Every district court in the Second Circuit that has considered this issue has agreed that the scenario in *Gill* is distinguishable from *Earley* on the grounds described by the New York Court of Appeals. *Gannon v. Sears*, No. 09 Civ. 1083, 2010 WL 5807279, at *4 (N.D.N.Y. Nov. 15, 2010) *report and recommendation adopted*, No. 09 Civ. 1083, 2011 WL 582579 (N.D.N.Y. Feb. 9, 2011); *Hayes v. Conway*, No. 08 Civ. 5280, 2010 WL 2921587, at *18 (E.D.N.Y. Jul. 19, 2010); *Reed v. Cuomo*, No. 08 Civ. 4875, 2010 WL 1930215, at *3 n. 4 (E.D.N.Y. May 7, 2010); *Chandler v. Barkley*, No. 09 Civ. 4648, 2010 WL 1780011, at *3 (E.D.N.Y. May 3, 2010); *Washington v. Goord*, No. 07 Civ. 7150, 2009 WL 3805599, at *6 (S.D.N.Y. Nov. 13, 2009); *Vasquez v. Loiodice*, No. 07 Civ. 7164, 2009 WL 2575775, at *3 (S.D.N.Y. Aug. 20, 2009); *Lopez v. Goord*, No. 05 Civ. 5855, 2008 WL 3158447, at *4 (S.D.N.Y. Aug. 5, 2008).

Moreover, federal courts deciding the issue prior to *Gill* reached the same conclusion by looking to § 70.25(2–a) and finding that DOCS properly calculated sentences as consecutive in accordance with the statute when judges were silent as to the issue of consecutive versus concurrent sentences. *See El–Aziz v. LeClair*, No. 07 Civ. 2189, 2008 WL 4443849, at *4 (S.D.N.Y. Sept. 29, 2008); *Wheeler v. Phillips*, No. 05 Civ. 4399, 2006 WL 2357973, at *17 n. 13 (E.D.N.Y. Aug. 15, 2006).

Therefore, *Earley* does not apply, and Johnson's claim fails because his due process rights were not violated by the imposition of consecutive sentences as required by New York statutory law.

3. *The Trial Court Resentencing Claim*

■ Johnson argues that by the time he was resentenced, he had developed a legitimate expectation that his sentence, running concurrently, was final. Thus, Judge Kahn's imposition consecutive sentences was, according to Johnson, an unconstitutional enhancement of his sentence in violation of the Double Jeopardy Clause, which prohibits courts from adding to a defendant's sentence once the defendant has developed a "legitimate expectation of finality" in the original sentence. *United States v. Bryce*, 287 F.3d 249, 254 (2d Cir.2002) (*quoting United States v. Triestman*, 178 F.3d 624, 630 (2d Cir.1999)).

Johnson's claim fails because Judge Kahn's resentencing did not lengthen or otherwise enhance his original sentence. The predicate for a double jeopardy claim in the context of a resentencing is a longer or otherwise less favorable second sentence. *Nickens v. Moscicki*, No. 09 Civ. 03097, 2010 WL 2899863, at *7 (S.D.N.Y. July 21, 2010). However, in Johnson's case, the Trial Court imposed the *same* sentence that, under New York law, it was deemed to have imposed at his original sentencing.

In affirming Johnson's sentence on direct appeal, the First Department specifically held that "the defendant's 1999 sentence had *always* been consecutive," and that "[a]t the 1999 sentencing, the [Trial Court] said nothing that could lead the defendant to believe he had received concurrent sentences." *Johnson*, 67 A.D.3d at 597, 888 N.Y.S.2d 407 (emphasis added). Indeed, the record indicates that a consecutive sentence was not just mandated by New York state law, it was also precisely what the sentencing judge intended to impose at the original hearing. At the resen-

tencing hearing in 2009 Judge Khan stated:

> [I] reduce[d] the sentence to five and a half to eleven [years] in 1999 because I knew [Johnson] would have to serve a consecutive parole sentence.... [T]here were enumerable [sic] reasons that I thought he deserved seven to fourteen, but I decided to give him five and a half to eleven because I knew he would be doing consecutive time.

Johnson's claim fails because his sentence was never enhanced in violation of the Double Jeopardy Clause, and the therefore state court did not violate federal law in resentencing Johnson.

### 4. *The DOCS Claim*

█ As noted above, Johnson failed to exhaust his state remedies and therefore the DOCS Claim is subject to dismissal. Regardless, the claim fails on the merits because it does not involve a violation of Johnson's federal rights.

Although there is no Second Circuit case directly addressing this issue, other federal courts have held that an error in commitment or penitentiary records does not invalidate an inmate's sentence or entitle him or her to release. *See, e.g., O'Connor-Saverse v. York County*, Civ. No. 10–48–P–H, 2010 U.S. Dist. LEXIS 112503 (D.Me. Oct. 20, 2010) (*quoting Dykes v. State*, 733 So.2d 919, 920 (Ala.Crim.App.1998)).

Moreover, in a case very similar to this one, in which the Oklahoma Department of Corrections mistakenly recorded the defendant's sentence as concurrent when it should have been consecutive, the Tenth Circuit affirmed the district court's holding that "correcting a consecutive term that [has] been mistakenly recorded as concurrent does not offend [a defendant's] constitutional rights." *Harmon v. Booher*, No. 04 Civ. 235, 2007 WL 1165615, at *4 (W.D.Okla. Apr. 12, 2007) *aff'd in part, appeal dismissed in part*, 271 Fed.Appx.

704 (10th Cir.2008). The *Harmon* court observed that, in arguing that the Oklahoma Department of Corrections "lacked authority" to reclassify his sentence as consecutive, the defendant "incorrectly regards the initial error as a constitutional entitlement." *Id.* at *7. Since the error was not a constitutional entitlement, the "correction of the error [does] not deprive [the defendant] of a constitutionally protected interest." *Id.*

Therefore, DOCS' correction of its initial calculation error, which brought Johnson's sentence into accordance with the intent of the sentencing court and New York penal law, does not contravene federal law or constitute a violation of Johnson's constitutional rights.

### III. *ORDER*

For the reasons stated above, it is hereby

**ORDERED** that the petition of petitioner Marcus Johnson ("Johnson") for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Docket No. 1) is DENIED.

As Johnson has not made a substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c)(1)(B).

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962).

The Clerk of Court is directed to terminate any pending motions and to close this case.

**SO ORDERED.**